IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                                   No. 1:18-cr-00464-JCH

JERRY BRUCE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on (i) the Government's Motion for Leave to File a Sur-Reply in Opposition to Defendant's Sealed Motion to Dismiss [Doc. 42]; and (ii) Defendant's Motion to Strike the Government's Improper Filing of a Sur-Reply without Court Permission. [Doc. 43] In its Motion, the Government sought "to address factual and legal inaccuracies in Defendant's sealed reply brief" to his Motion to Dismiss the Indictment, which is currently pending. [Doc. 42] The Government attached the surreply itself as an exhibit to its motion without waiting for the Court's leave. Defendant argues that the Government improperly filed the surreply as an exhibit to its motion without the Court's permission, and thus should be stricken.

Under the United States District Court for the District of New Mexico Local Rule of Criminal Procedure 47.8(b), "[t]he filing of a surreply requires leave of the Court." D.N.M.L.R. 47.8(b). The purpose of a surreply is to afford "the nonmoving party … an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). According to the Tenth Circuit, "new material" rmeans

"new evidence and new legal arguments" raised in the movant's reply brief. *Id.* Here, the Government seeks leave to file a surreply "to address factual and legal inaccuracies in Defendant's sealed reply brief" to his Motion to Dismiss the Indictment. This is a proper invocation of Local Rule 47.8(b), and thus the Court grants the Government's motion for leave to file a surreply to the extent that it seeks to respond to new material raised in Defendant's reply brief.

However, as Local Rule 47.8(b) specifies, "the filing of a surreply requires leave of the Court." D.N.M.L.R. 47.8(b). By filing its proposed surreply as an exhibit to its motion without waiting for the Court's ruling on its motion, the Government did not follow this rule. The Government justifies its contemporaneous filings by saying that it is not unheard of for movants in this District to include a proposed surreply as an exhibit. *See* Govt.'s Resp. at 2, Doc. 44 (citing *e.g. United States v. Ramon Varela-Cias*, No. 10-cr-420-JAP). However, the more common practice – and one that tracks the crystal-clear command of Local Rule 47.8(b) – is to obtain the Court's leave to file a surreply. The Government is encouraged to follow the rules.

**IT IS HEREBY ORDERED** that the Government's Motion for Leave to File a Sur-Reply in Opposition to Defendant's Sealed Motion to Dismiss **[Doc. 42]** is **GRANTED** and Defendant's Motion to Strike the Government's Improper Filing of a Sur-Reply without Court Permission **[Doc. 43]** is **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE